UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL BRAHAM
Petitioner

DOCKET NO. 3:02CV2153(JBA)

v.

HECTOR RODRIGUEZ
Respondent

DATE December 9, 2003

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT OF COUNSEL

Statement of the Case

This is a Writ of Habeas Corpus case pursuant to 28 U.S.C. §2254 by a state prisoner, asserting the claims of ineffective assistance of counsel and Constitutional due process violations.

Statement of the Facts

Trial counsel advised the petitioner to plead guilty to murder stating that he would be eligible for parole after serving half of his sentence. There is no parole eligibility for persons convicted of murder under Connecticut General Statutes. Counsel did not adequately identify, investigate, and consult with the petitioner concerning relevant evidence and potential defenses. The petitioner's guilty plea was not knowingly, intelligently or voluntarily made in violation of due process. The petitioner's guilty plea was also accepted in violation of due process.

ARGUMENT

THE COURT SHOULD APPOINT COUNSEL FOR THE PETITIONER.

In deciding whether to appoint counsel for the indigent litigant, the court should consider "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991). In addition, courts have suggested that the most important factor is whether the case appears to have merit. Cooper v. Sargenti Co., Inc., 877 F2d 170, 173 (2nd Cir. 1989). Each of these factors weigh in favor of appointing counsel in this case.

1. <u>Factual Complexity</u>. The petitioner asserts that counsel advised him that he would be parole eligible if he pled guilty to murder. The record supports this assertion although the State courts' factual finding is inconsistent. The record also supports the petitioner's assertion that counsel failed to adequately identify, investigate and consult with the petitioner concerning relevant evidence and potential defenses, the State courts' factual finding conflicts with the record here as well.

2. <u>The ability of the indigent to present his claim</u>. The petitioner is an indigent prisoner with no legal training, a factor that supports the appointment of counsel. <u>Whisenant v. Yaum</u>, 739 F.2d 160, 163 (4th Cir. 1984). In addition, he is confined to an institution with no law library. See <u>Rayes v. Johnson</u>, 969 F.2d 700, 703-04 (8th Cir. 1992)(citing lack of ready access to a law library as a factor supporting appointment of counsel).

3. <u>Complexity of the legal issues</u>. The legal issues presented are complex because although it is clear that the State court' dismissal of the petition resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding, the petitioner also thinks that the decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. The petitioner does not understand the legal principles associated with the standard of review under the Antiterrorism and Effective Death Penalty Act and because he lacks the resources to formulate a memorandum of law to support his position, the legal issues are too complex for the pro se petitioner to attempt meaningful litigation of this case.

4. <u>Merits of the case</u>. "The right to counsel is the right to effective assistance of counsel." <u>Strickland v. Washington</u>, 466 U.S. 668, 686 (quoting <u>McMann v. Richardson</u>, 397 U.S. 759, 771, n.14 (1970)). The petitioner's claims are supported by the record and clearly establish constitutional violations. The assistance provided by trial counsel was so deficient thet it could not be said that the petitioner was represented by counsel. The Sixth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, and Article First § 8, of the Connecticut Constitution, guarantee the right to effective assistance of counsel for a criminal defendant. <u>Powell v. Alabama</u>, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); <u>Copas v. Commissioner of Correction</u>, 234 Conn. 139 (1995).

CONCLUSION

For the foregoing reasons, the court should grant the petitioner's motion and appoint counsel in this case.

Respectfully submitted,

MICHAEL BRAHAM PRO SE

BY *Michael Braham*
Michael Braham #231451
Cheshire C.I.
900 Highland Avenue
Cheshire, CT. 06410

## CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed to: Carolyn K. Longstreth, Senior Assistant State's Attorney, Civil Litigation Bureau, Office of the Chief State's Attorney, 300 Corporate Place, Rocky Hill, CT., 06067, on this 9th day of December, 2003.

*Michael Braham*
MICHAEL BRAHAM PRO SE