UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
MICHAEL BRAHAM,                     :
        Petitioner,                 :
                                    :           PRISONER
    v.                              :  Case No. 3:02CV2153(JBA)
                                    :
HECTOR RODRIGUEZ,                   :
        Respondent.                 :
```

RULING AND ORDER

On February 4, 2005, the court denied this petition for writ of habeas corpus.  Petitioner has filed a motion, dated February 7, 2005, asking the court to order respondent to complete the record by filing petitioner's post-trial brief, his substitute appellate brief and appellate reply brief.  Petitioner has not attached copies of these documents to his motion because, he states by an attached affidavit, he cannot afford the cost of copying and postage.

Respondent filed his response to the petition, including the record in state court on April 15, 2003.  The response included seven exhibits: (1) the transcript of the state habeas hearing, (2) the record on appeal in the state habeas hearing, (3) petitioner's brief on appeal, excluding the appendix, (4) respondent's brief on appeal including appendix, (5) the

appellate court's decision, (6) the petition for certification to appeal to the Connecticut Supreme Court and (7) the denial of certification to appeal. On June 9, 2003, petitioner filed a memorandum in support of his petition. Among the exhibits attached to the memorandum are the substitute appellate brief referenced in this motion, (see Doc. #8, Ex. C), and a motion for reconsideration filed in the habeas court. (See Doc. #8, Ex. H.) It is not clear whether the motion for reconsideration is the post-trial brief referenced in the motion. At no time in the nearly two intervening years, did petitioner inform the court that the record was otherwise incomplete and he provides no explanation in his motion for not doing so.[1] In addition, petitioner does not indicate why he could not afford to provide copies of the post-trial brief and reply brief when he was able to provide copies of the substitute appellate brief and motion for reconsideration in June 2003.

In reviewing the petition, the court was required to determine whether the actions of the state courts were contrary to or an unreasonable application of clearly established Supreme Court law, or resulted in an unreasonable determination of the

---

[1] Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts requires only that respondent provided a copy of petitioner's brief on appeal. The rule does not reference reply briefs. Effective December 1, 2004, the rule was amended to required respondent to append to his answer all briefs filed by petitioner in an appellate court.

facts based upon the evidence presented.  See 28 U.S.C. § 2254(d).  The court has considered the decisions of the Connecticut Superior and Appellate Courts, the appellate briefs and the transcripts of the plea and sentencing hearing as well as the state habeas hearing.  The fact that petitioner, rather than respondent, provided the substitute appellate brief does not alter the fact that the substitute appellate brief is part of the record and was reviewed by this court.  Significantly, petitioner does not identify any information contained in the appellate reply or post-trial briefs that was not already considered by the court in its previous review of the record.

Accordingly, petitioner's Motion for Order to Complete and Correct Record Appended to Respondent's Memorandum of Law Opposing Writ of Habeas Corpus [**doc. #14**] is **DENIED**.

**SO ORDERED** this 17th day of February, 2005, at New Haven, Connecticut.

_____/s/_____
Janet Bond Arterton
United States District Judge