UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

MICHAEL BRAHAM,                   DOCKET NO. 3:02CV2153(JBA)
    Petitioner

V.

HECTOR RODRIGUEZ,                FEBRUARY 16, 2005

FILED 2005 FEB 25 P 4:05

U.S. DISTRICT COURT
BRIDGEPORT, CONN

### MOTION FOR ISSUANCE OF CERTIFICATE OF APPEALABILITY

The Petitioner Michael Braham, pro se, requests that this Court issue a Certificate of Appealability in the above-entitled matter, and states in support the following:

1. The petitioner made application to this Court for a Writ of Habeas Corpus, challenging the validity of his detention by the State of Connecticut and County of Hartford.

2. This Court on February 8, 2005, denied petitioner's request for issuance of a writ of habeas corpus.

3. On February 14, 2005 the petitioner filed a notice of appeal from the order of this Court denying the petition for Writ of Habeas Corpus.

4. Petitioner cannot appeal this Court's denial without issuance of a certificate of appealability. 28 U.S.C. § 2253; Federal Rules of Appellate Procedure 22(b).

5. Petitioner intends to raise on appeal the following points, which he believes to be meritorious.

    a. Pursuant to 28 U.S.C. § 2254 (d)(2) and Williams v. Taylor, 529 U.S. 362 (2000), the habeas court's finding Attorney Elder credible and effective "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." The record clearly and convincingly rebutted the court's finding. Therefore, the district court erred in not ruling that there was an unreasonable finding of fact and application of law.

b. As stated above, the court's finding of effective assistance of counsel was an unreasonable determination of the facts and contrary to Strickland v. Washington, 466 U.S. 668 (1984) and Hill v. Lockhart, 474 U.S. 52 (1985). Therefore, the district court erred in finding that petitioner's plea was knowingly, intelligently and voluntarily made and not in violation of Constitutional due process. Boykin v. Alabama, 395 U.S. 238, 243 n.5 (1969); McCarthy v. United States, 394 U.S. 459, 466 (1969).

c. The district court erred in not finding that the trial court committed plain error when it failed to correct Elder's misstatement of law during guilty plea canvass. U.S. v. Fuchs, 218 F3d. 957 (9th Cir. 2000)

d. The district court erred in not finding that the trial court committed plain error when it failed to correct Elder's misstatement of law during the guilty plea canvass. Chapman v. California, 386 U.S. 18, 23-24, 17 L.Ed 2d 705, 87 S.Ct 824 (1967).

e. The record before the district court was incomplete and incorrect

f. The district court erred in failing to find that Petitioner sufferd prejudice because the habeas court's eighty-five percent parole eligibility calculation on the possible manslaughter conviction was erroneous. Judge Rittenband himself had ruled prior to deciding Petitioner's case that, use of the higher mandatory service for punishment of offenses committed prior to the effective date of the statute is a violation of the federal constitution's ex post facto clause. Rentas v. Warden, 2000 Conn.Super. Lexis 2505 (Hartford J.D. No. CV-98800389S, 9/21/00) (Rittenband, J.)

g. Any other issues that may become apparent after review of the record.

WHEREFORE, petitioner prays that a certificate of appealability be issued.

Respectfully Submitted,

MICHAEL BRAHAM PETITIONER

BY *[signature]*
MICHAEL BRAHAM
#231451
CHESHIRE C.I.
900 HIGHLAND AVENUE
CHESHIRE, CT. 06410

CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing has been mailed to Carolyn K. Lonstreth, Senior Assistant State's Attorney, 300 Corporate Place, Rocky Hill, CT. 06067 on this 22nd day of February, 2005.

*[signature]*
MICHAEL BRAHAM PRO SE